## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLIE "FRANKIE" BUTLER,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **CASE NO. 2:14-cv-1746-SLB** |
| | } | |
| **MERCEDES BENZ U.S.** | } | |
| **INTERNATIONAL, INC.,** | } | |
| | } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OPINION</u>

This case is presently pending before the court on Defendant Mercedes-Benz U.S. International, Inc.'s Motions to Dismiss, or in the Alternative, Motion for More Definite Statement and Motion to Strike. (Doc. 6.)[1] Plaintiff, Charlie "Frankie" Butler, has sued defendant alleging race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("§ 1981"). Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (Doc. 6), is meritorious but is due to be denied in order to give plaintiff an opportunity to replead; its Motion for More Definite Statement is due to be granted. Defendant's Motion to Strike will be denied.

---

[1]Reference to a document number, ["Doc.   "], refers to the number assigned to each document as it is filed in the court's record.

## I.  <u>MOTION TO DISMISS STANDARD</u>

Defendant has moved to dismiss plaintiff's Complaint for failure to state a claim upon which relief may be granted. (Doc. 6 at 2.) The purpose of such motions, authorized by Rule 12(b)(6) of the Federal Rules of Civil Procedure, is to test the facial sufficiency of the plaintiff's statement of his claims for relief. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1367 (11th Cir. 1997). Rule 12(b)(6) must be read together with Rule 8(a)(2), which "requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal citations and quotation marks omitted).

To survive a 12(b)(6) motion, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and

2

footnote omitted). The plaintiff need not prove his case but must plead "enough facts to state a claim to relief that is *plausible* on its face." *Id.* at 570 (emphasis added).

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank*, *N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). Further, all "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, while the court must accept all factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation omitted). "In considering a motion to dismiss, a court should eliminate any legal conclusions contained in the complaint, and then determine whether the factual allegations, which are assumed to be true, give rise to relief." *Chapman v. U.S. Postal Serv.*, 442 F. App'x 480, 482-83 (11th Cir. 2011) (citing *Am. Dental Ass'n*, 605 F.3d at 1290).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

Charlie "Frankie" Butler ("plaintiff") is an African-American male currently working for Mercedes-Benz U.S. International, Inc. ("defendant") at the Vance, Alabama plant. (Doc. 1 ¶¶ 1, 19.) Plaintiff has been an employee at defendant's Vance, Alabama

---

[2] The facts are drawn from the Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Twombly*, 550 U.S. at 572.

plant from September 4, 2001 to the present. (*Id.* ¶ 19.) Plaintiff initially worked as a Team Member, and in May 2005, was promoted to Team Leader of the sealer group in the paint shop, a position plaintiff continues to hold. (*Id.*) On September 28, 2012, plaintiff was issued a performance evaluation, which changed his promotion status from "ready" to "not ready." (*Id.* ¶ 20.)

Other than the facts stated above, plaintiff's remaining "factual allegations" are conclusory statements without factual support. (*Id.* ¶¶ 7, 8, 10, 11, 12, 13, 14, 16, 17, 19, 21, 22, 24, 25, 26, 27, 28.) For example, plaintiff alleges that defendant maintains a system-wide employment policy of racial discrimination through, among other actions, preventing African Americans from learning about job opportunities traditionally held by white employees, deterring African Americans from seeking promotions, subjecting African Americans to adverse terms and conditions of employment, segregating African Americans into unequal job positions, restricting African-American employees to jobs carrying lower compensation levels, refusing to implement policies that curb racial discrimination, refusing to post job vacancies where African-American employees can learn about them, pre-selecting white employees for those job vacancies, and assigning African Americans to inferior work hours. (*Id.* ¶¶ 7, 8, 10, 11, 14, 24, 25.) As discussed below, these conclusory statements do not provide defendant with any of the factual support necessary to allow defendant to fashion a proper response.

4

Plaintiff filed his Complaint on September 11, 2014, seeking to certify a class of past, present, and future African-American employees working at defendant's Vance, Alabama plant. (*Id.* ¶¶ 10, 13.) Plaintiff alleges only one claim on behalf of himself and the putative class: race discrimination under Title VII and § 1981. (*Id.* ¶ 2.) Defendant filed the instant Motion to Dismiss, or in the Alternative, Motion for More Definite Statement and Motion to Strike, (Doc. 6), on October 1, 2014.

## DISCUSSION

Plaintiff's Complaint alleges violations of Title VII and § 1981. Title VII prohibits discrimination in employment "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e2(a)(1). Section 1981 protects the right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Where a plaintiff alleges race discrimination in violation of Title VII & § 1981, the same analysis applies to both claims. *Stallworth v. Shuler*, 777 F.2d 1431, 1433 (11th Cir. 1985). Because plaintiff must prove intentional discrimination under both claims, *id.*, the court will not conduct a separate analysis for each claim.

Defendant's primary contention is that plaintiff's Complaint fails to comply with Rule 8(a)'s pleading requirements, as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S.

5

544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). (Doc. 6 at 2.) According to defendant, plaintiff's one-count Complaint contains a multitude of generalized, "inflammatory and completely unfounded" allegations of discrimination that amount to legal conclusions, which do not suffice to state a claim under Rule 8. (*Id.* at 14.) It correctly asserts that the sparse factual content actually contained in the Complaint does not create any inference that defendant is liable for the alleged misconduct, and thus, plaintiff's Complaint should be dismissed. (*Id.* at 11.) However, defendant requests that, should the court permit plaintiff to replead his Complaint, the court strike plaintiff's scandalous and immaterial allegations of company-wide race discrimination before they cause reputational harm to the "Mercedes brand." (*Id.* at 16.)

Plaintiff responds that he is not required to establish a *prima facie* case of discrimination in the Complaint because that is the purpose of discovery and that he need only "'raise a reasonable expectation that discovery will reveal evidence' of the claim." (Doc. 11 at 5, 8; *Bussey v. Macon Cnty. Greyhound Park, Inc.*, No. 3:10-CV-191-WKW, 2011 WL 1216296, at *2 (M.D. Ala. Mar. 31, 2011) (quoting *Twombly*, 550 U.S. at 556).) Regarding defendant's Motion to Strike, plaintiff claims not to know what "brand" defendant seeks to protect, and plaintiff contends that the Motion is unmeritorious because discovery will uncover whether the Complaint's legal conclusions are supported by factual allegations. (Doc. 11 at 9-10.)

Plaintiff grossly misunderstands the pleading requirements imposed by Federal Rule of Civil Procedure 8(a). Contrary to plaintiff's contention that his "complaint has more than enough specificity to meet the pleading requirements," (Doc. 11 at 9), the court agrees with defendant that plaintiff's Complaint pleads only legal conclusions unsupported by factual allegations and a few factual allegations that do not state a claim for relief. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see Twombly*, 550 U.S. at 555 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). Plaintiff is correct that he is not required to allege facts in the Complaint sufficient to make out a *prima facie* discrimination case, but he must still "provide 'enough factual matter (taken as true) to suggest' intentional race discrimination" and to raise his claim above speculation. *Davis v. Coca-Cola Bottling Co. Consolidated*, 516 F.3d 955, 974 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). In disregarding the legal conclusions and considering only the factual allegations set out in the Complaint, it is clear that plaintiff's cause of action fails to state a claim upon which relief may be granted.

Plaintiff's claim for race discrimination under Title VII and § 1981 fails because the limited facts plaintiff provides in the Complaint do not create any inference that defendant engaged in discriminatory conduct. The Complaint alleges that plaintiff, an

African-American male, was promoted from a Team Member to a Team Leader, and

subsequently received a performance evaluation that changed his promotion status from

"ready" to "not ready." These facts, alone, do not even suggest that defendant chose not

to promote defendant for discriminatory reasons, much less state a claim for intentional

discrimination.[3] Defendant correctly notes that the Complaint is completely devoid of the

types of facts necessary to state a claim alleging systemic race discrimination that

plaintiff claims he and other employees suffered:

> [P]laintiff does not name a single person other than himself who allegedly
> was discriminated against. He does not point to any MBUSI policy or
> procedure that is racially discriminatory. He has not cited any selection
> procedure that has a disparate impact on African-Americans. Neither
> does he offer any statistics that support that claim. He does not name a
> single instance where a job vacancy was not posted or announced or
> where a white employee was pre-selected for a job. He does not mention
> any occasion where MBUSI kept an employee from learning about a job.
> He also does not provide any facts for his claim that African-Americans
> had inferior work hours, lower classifications, lower compensation levels,
> unequal positions or unequal terms and conditions of employment.
> Neither does he provide a single fact in support of his claims that certain
> jobs were traditionally held by white employees, that MBUSI maintains
> traditionally white classification and compensation levels, or that MBUSI
> has a predominantly white staff.

(Doc. 6 at 9-10.) The court agrees with defendant's characterization of plaintiff's

Complaint. Plaintiff has simply not raised his claim above speculation and has not stated

a claim for relief under Rule 8(a)(2).

---

[3] While plaintiff states in his Response that a white employee received the promotion
that plaintiff was denied, (Doc. 11 at 6), plaintiff did not include that fact in his Complaint.

Plaintiff's Complaint is comparable to the deficient complaint filed by the plaintiffs in *Davis v. Coca-Cola Bottling Co. Consolidated*, 516 F.3d 955 (11th Cir. 2008). The *Davis* court chastised not only the plaintiffs but also the defendant for filing pleadings that were not compliant with the Federal Rules, stating:

> The complaint is a model "shotgun" pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years, long before this lawsuit was filed. And the defendant's answer is no better. . . . [Plaintiff's complaint asserts] untold causes of action, all bunched together in one count contrary to the requirements of Federal Rules of Civil Procedure 10(b). . . . No competent lawyer—whether skilled in Title VII litigation or not—could compose an answer to these sweeping and multifaceted acts of discrimination that would be in keeping with what the framers of the Rules envisioned in fashioning Rule 8(b). Yet, [the defendant's] attorneys framed one. They used the same shotgun strategy plaintiffs had employed. . . . [Their] affirmative defenses did not respond to specific causes of action, because the drafter of the answer could not identify the specific causes of action each named plaintiff was purporting to allege.

*Davis*, 516 F.3d at 979-81 (footnotes omitted). The court went on to explain the dangers resulting from these types of pleadings:

> The unacceptable consequences of shotgun pleading are many. First, and perhaps foremost, shotgun pleading inexorably broadens the scope of discovery, much of which may be unnecessary. . . . Second, in addition to delaying a just disposition of the case at the undue expense of one or both of the parties, shotgun pleadings, if tolerated by the court, lessen the time and resources the court has available to reach and dispose of the cases and litigants waiting to be heard. . . . Third, shotgun pleadings wreak havoc on appellate court dockets. . . . Fourth, the mischief shotgun pleadings causes undermines the public's respect for the courts—the ability of the courts to process efficiently, economically, and fairly the business placed before them. . . . Fifth, in Title VII cases, shotgun pleadings undercut the purpose of Congress's enactment of Title VII—to bring peace and equity to the workplace. It requires no subtle analysis to conclude that the wrangling and

9

pure bitterness these pleadings engender does not foster good employer-employee relationships.

*Id.* at 981-83 (footnotes omitted).

The *Davis* court's analysis applies in this case with equal force. It is an especially egregious shortcoming when seasoned lawyers, like plaintiff's counsel, file pleadings that deviate so significantly from the Federal Rules' requirements. In particular, plaintiff's counsel are reminded that the court takes seriously its duty to ensure the parties' compliance with Federal Rule of Civil Procedure 11(b), which states as follows:

> (b) Representations to the Court.  By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

If plaintiff's counsel files an Amended Complaint that does not comply with Rule 8(a), the court will strongly entertain, and if warranted, impose sanctions under Rule 11(c).

Finally, the court notes that, even if plaintiff's EEOC charge put defendant on notice of plaintiff's class-wide claims, as plaintiff asserts it did, plaintiff is still required to comply with the pleading standard articulated in *Twombly* and *Iqbal*. Accordingly,

plaintiff cannot escape the requirement that legal conclusions in his Complaint be accompanied by enough factual support to state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679. As discussed above, plaintiff's Complaint does not meet this requirement.

## **CONCLUSION**

Rather than dismiss plaintiff's Complaint, the court will allow plaintiff to replead his Complaint to set forth factual allegations sufficient to satisfy Rule 8(a)(2). Therefore, defendant's Motion to Dismiss will be denied, and defendant's Motion for More Definite Statement will be granted. Defendant's Motion to Strike will be denied. An order will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 23rd day of December, 2014.

*Sharon Lovelace Blackburn*

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

11